# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | | |
|---|---|---|
| **CHARLEY LARRY** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **VS.** | § | Case No. 4:11CV374 |
| | § | |
| **TEXAS DEPARTMENT OF AGING** | § | |
| **AND DISABILITY SERVICES** | § | |
| | § | |
| **Defendant.** | § | |

## REPORT AND RECOMMENDATIONS
## OF UNITED STATES MAGISTRATE JUDGE

Now before the Court are Plaintiff's Motion and Brief for Partial Summary Judgment (Dkt. 34) and Defendant's Motion for Summary Judgment (Dkt. 35).  As set forth below, the Court finds that Plaintiff's motion should be DENIED, that Defendant's motion should be GRANTED, and that summary judgment should be granted for Defendant as to all claims here.

### FACTUAL BACKGROUND

Charley Larry filed this suit against the Texas Department of Aging and Disability Services ("DADS") under Title VII alleging gender and retaliatory discrimination.  Larry was a former employee of the Denton State School.  He was terminated for failure to resolve the outstanding criminal charges against him which he self reported.  The one that was the basis of his termination was a criminal trespass charge.  Larry was terminated on March 25, 2009.  His suit does not challenge his termination, but rather the failure of DADS to hire him for various positions at the

school after his termination. He has filed two previous lawsuits, several previous EEOC complaints and applied for at least 33 positions.

According to Plaintiff, Defendant maintains a policy of excluding male employees and applicants for employment in certain jobs which are open to females. Allegedly, Plaintiff sought numerous such positions and was denied them solely because of his sex, male, in violation of the 1965 Civil Rights Act as amended.

Plaintiff filed suit in this Court on or about January 10, 2011. In his Original Complaint, Plaintiff alleges Defendant violated Title VII of the Civil Rights Act of 1964, and 42 U.S.C.A. 2000e (Unlawful Employment Practices) and brings claims of gender discrimination and retaliation. Both Plaintiff and Defendant have filed motions for summary judgment.

## SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate when, viewing the evidence and all justifiable inferences in the light most favorable to the non-moving party, there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c); *Hunt v. Cromartie*, 526 U.S. 541, 549, 119 S. Ct. 1545, 143 L. Ed.2d 731 (1999). The appropriate inquiry is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52, 106 S. Ct. 2505, 91 L. Ed.2d 202 (1986).

The party moving for summary judgment has the initial burden to prove there are no genuine issues of material fact for trial. *Provident Life & Accident Ins. Co. v. Goel,* 274 F.3d 984, 991 (5th Cir. 2001). In sustaining this burden, the movant must identify those portions of pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325, 106 S. Ct. 2548, 2553, 91 L. Ed.2d 265 (1986). The moving party, however, "need not negate the elements of the nonmovant's case." *Little v. Liquid Air Corp*., 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc). The movant's burden is only to point out the absence of evidence supporting the nonmoving party's case. *Stults v. Conoco, Inc*., 76 F.3d 651, 655 (5th Cir. 1996).

In response, the nonmovant's motion "may not rest upon mere allegations contained in the pleadings, but must set forth and support by summary judgment evidence specific facts showing the existence of a genuine issue for trial." *Ragas v. Tennessee Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998) (citing *Anderson*, 477 U.S. at 255-57, 106 S. Ct. at 2513-14). Once the moving party makes a properly supported motion for summary judgment, the nonmoving party must look beyond the pleadings and designate specific facts in the record to show that there is a genuine issue for trial. *Stults*, 76 F.3d at 655. The citations to evidence must be specific, as the district court is not required to "scour the record" to determine whether the evidence raises a genuine issue of material fact. E.D. TEX. LOCAL R. CV-56(d). Neither "conclusory allegations" nor "unsubstantiated assertions" will satisfy the nonmovant's burden. *Stults*, 76 F.3d at 655.

The Court first addresses Plaintiff's motion for partial summary judgment. Plaintiff has attached to that motion a copy of the Oral Deposition of Nancy Condon and the affidavit of Chris Adams. *See* Dkt. 34-1 – 34-2.

In response, Defendant offers the following:

Exhibit A: Affidavit of Nancy Condon (6/15/12)

Exhibit F: Plaintiff's Supplemental Answers and Objections to First Set of Interrogatories

Exhibit G: Plaintiff's Job Applications (produced by Plaintiff)

Exhibit K: Direct Support Professional I/Mental Retardation Assistant I - Job Descrip.

Exhibit L: Direct Support Professional II/Mental Retardation Assistant II - Job Descrip.

Exhibit M: Direct Support Professional III/Mental Retardation Assistant III - Job Descrip.

Exhibit N: Direct Support Professional IV/Mental Retardation Assistant IV - Job Descrip.

Exhibit P: MRA III (job posting 144593)

Exhibit Q: MRA III (job posting 151335)

Exhibit T: MRA IV (job posting 175385)

Exhibit U: Affidavit of Jerome Young

Exhibit Y: Hiring Center documents, Richmond State Supported Living Center

Exhibit AA: Affidavit of Marianne Reat

Exhibit BB: Affidavit of Nancy Condon (6/29/12)

Exhibit CC: Affidavit of Debbie Reynolds

*See* Dkt. 39-1 – 39-15.

Plaintiff says he is a male. However, he claims that he has applied for female attendant positions only to be denied because of his gender. According to his affidavit, he interviewed for eight positions. He was told in his interview that two of the positions were for female attendants at a female residential center and that he would not be considered.

Plaintiff's Motion for Partial Summary Judgment seeks a finding that the practice of limiting the position of a Direct Support Professional ("DSP") providing personal care to female residents exists and is in violation of Title VII. However, this manner of proof is not available to an individual plaintiff and is almost exclusively reserved for class action plaintiffs or in suits instituted by the government in certain circumstances. *See Celestine v. Petroleos de Venezuella SA*, 266 F.3d 343, 355 (5th Cir. 2001). Therefore, to the extent that Plaintiff's motion seeks to do an end run around the traditional *McDonnell Douglas* burden shifting analysis, such (Dkt. 34) should be DENIED.

The Court next turns to Defendant's Motion for Summary Judgment, which argues that Plaintiff has no evidence to establish that Defendant's non-selection of Plaintiff was motivated by gender discrimination or retaliation (*see* Dkt. 35). Defendant has offered the following summary judgment evidence to demonstrate that there is no genuine issue of material fact as to Plaintiff's claims here:

Exhibit A: Affidavit of Nancy Condon

Exhibit B: Plaintiff's criminal offense self-reports

Exhibit C: Letter from Dora Tillis to Plaintiff

Exhibit D: Letters from Dora Tillis to Plaintiff

Exhibit E: Plaintiff's EEOC charges of discrimination (11/12/08, 5/20/29, 6/5/29, 10/26/10)

Exhibit F: Plaintiff's Supplemental Answers & Objections to First Set of Interrogatories

Exhibit G: Plaintiff's Job Applications (produced by Plaintiff)

Exhibit H: Plaintiff's deposition testimony (selected excerpts) (64:8-70:16, 126:4-10,

Exhibit I: Nancy Condon deposition testimony (selected excerpts) (19:12-20:1, 26:22-25)

Exhibit J: Defendant's Second Supplemental Objections & Responses to First Interrogatories

Exhibit K: Direct Support Professional I/Mental Retardation Assistant I - Job Description

Exhibit L: Direct Support Professional II/Mental Retardation Assistant II - Job Description

Exhibit M: Direct Support Professional III/Mental Retardation Assistant III - Job Description

Exhibit N: Direct Support Professional IV/Mental Retardation Assistant IV - Job Description

Exhibit O: MRA III (job posting 142570)

Exhibit P: MRA III (job posting 144593)

Exhibit Q: MRA III (job posting 151335)

Exhibit R: MRA II (job posting 152016)

Exhibit S: MRA III (job posting 152140)

Exhibit T: MRA IV (job posting 175385)

Exhibit U: Affidavit of Jerome Young

Exhibit V: Maintenance Technician II

Exhibit W: Resident Specialist I

Exhibit X: Administrative Assistant IV

Exhibit Y: Hiring Center documents, Richmond State Supported Living Center

Exhibit Z: Job application and Selection Summary for Melinda Alvarez

Exhibit AA: Affidavit of Marianne Reat

*See* Dkt. 35-1 – 35-27.

Plaintiff has submitted the following pieces of summary judgment evidence:

Exhibit A: The declaration of Charlie (sic) Larry

Exhibit B: Excerpts From The Deposition Of Nancy Condon

Exhibit C: Discovery Order Dated June 7, 2012.

Exhibit DD: Defendant's First Supp. Objections & Responses to First Interrogatories

*See* Dkts. 36 - 38; 40.

As set forth below, the Court has reviewed the summary judgment evidence and finds that Plaintiff has failed to create a genuine issue of material fact as to any of his allegations herein. In order to overcome a motion for summary judgment on a Title VII discrimination claim, the plaintiff must first establish, by a preponderance of the evidence, a *prima facie* case of discrimination. *McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 802–04, 93 S. Ct. 1817, 1824–26, 36 L. Ed.2d 668 (1973); *Haynes v. Pennzoil Co.,* 207 F.3d 296, 300 (5th Cir. 2000); *Shackelford v. Deloitte & Touche,* 190 F.3d 398, 404 (5th Cir. 1999). A *prima facie* case of discrimination in a failure to promote or train case consists of four elements: (1) the employee is a member of the protected class; (2) he sought and was qualified for the position; (3) he was rejected for the position; and (4) the employer continued to seek applicants with the plaintiff's qualifications or was filled by someone outside of Plaintiff's protected class. *Haynes,* 207 F.3d at 300. The *prima facie* case, once established, raises an inference of intentional discrimination, and the burden of

production shifts to the defendant to articulate a legitimate, nondiscriminatory reason for its actions. *Id.* If the defendant satisfies this burden, the plaintiff must prove that the proffered reasons are pretextual. *Id.* Once a Title VII claim reaches this pretext stage, "the only question on summary judgment is whether there is a conflict in substantial evidence to create a jury question regarding discrimination." *Id.*

Each of Plaintiff's prolific job applications are the same. His only experience listed is as a Funeral Dir./Embomer(sic) or Mental Retardation Asst III at the Denton State Supported Living Center. He gives no dates as to his employment at the Denton facility. He describes his experience:

> **"I was the home team leader. I was reponsidle (sic) for porvision ( sic) of direct services for individuals with developmental disabilities and supervision of staff. Emphasis is focused on assisting individual (sic) to attain their personal golds (sic), providing prescribed training and health services and enhancing independence. Performs housekeeping duties to assist to maintain a clean and safe sanitary environment.**
>
> **Specific reason for leaving: We can talk about it later/thank you very much."**

Dkt. 35-7 at 4.

According to the affidavit of Nancy Condon, the hiring decision for a Direct Support Professional is "gender neutral." Dkt. 35-1. In other words, only the best qualified candidate is hired for the position. Once hired, it is the practice of the Denton facility to place a hired and qualified candidate who is a female in a female facility. *Id.* If a female resident specifically requests a male attendant, the facility will attempt to accommodate that request. *Id.*

Plaintiff's summary judgment evidence fails to show that he met the qualifications of the jobs for which he applied and was screened but not interviewed. As noted by DADS, Plaintiff failed to

indicate how long he had worked as a Mental Retardation Assistant. All DSP jobs required a minimum of at least six months or twelve months experience. Plaintiff did not demonstrate that he met the objective employment criteria established by the job posting. Therefore, he fails to meet the presumptive hurdle. *See Lindsey v. Prive Corp.*, 987 F.2d 324, 326-27 (5th Cir. 1993). Since Plaintiff did not take the time to fully fill out the requirements for the job, DADS had no responsibility to "fill in the blanks" in his deficient application.

Plaintiff has failed to create a genuine issue of material fact that he was qualified for the positions based on the summary judgment evidence before the Court. His sworn assertion that he was qualified, *see* Dkt. 36-1, is not enough. As the Fifth Circuit has recently noted, "[a] party's self-serving and unsupported statement in an affidavit will not defeat summary judgment where the evidence in the record is to the contrary." *Chambers v. Sears Roebuck & Co.*, 428 Fed. Appx. 400, 408, 2011 WL 2392359, 5 (5th Cir. 2011) (citing *In re Hinsley*, 201 F.3d 638, 643 (5th Cir. 2000)). Plaintiff's *prima facie* case of discrimination fails.

Moreover, even if Plaintiff could make out a *prima facie* case, DADS has demonstrated a legitimate non-discriminatory reason for his rejection. There were simply other better qualified candidates. As stated by Ms. Condon, the practice of the Denton Facility is to hire the best qualified candidate for the job. *See* Dkt. 35-1. According to the affidavit of Jerome Young, a number of males were selected for the Mental Retardation Assistant III ("MRA") perpetual posting position. *See* Dkt. 35-21. A review of some of the job posting notes that several females and males, including Plaintiff, applied for positions and were screened but not selected.

DADS has also pointed to other positions for which Plaintiff applied but was not selected. For example, a Maintenance Tech II must demonstrate experience in drywall and painting. *See* Dkt. 35-22. Nothing in Plaintiff's application discloses such experience. For the Richmond State School, Plaintiff submitted the same incomplete applications and failed to include telephone numbers for his supervisors. *See* Dkt. 35-7. Further, any claim to pretext would fail in that Plaintiff has failed to even remotely demonstrate that he was clearly better qualified for any one position. *E.E.O.C. v. La. Office of Cmty. Servs.*, 47 F.3d 1438, 1445 (5th Cir. 1995).

In the end analysis, as to the majority of DSP and MRA positions, Plaintiff failed to show any discrimination. For all available jobs there was no limitation as to what gender could apply and then be placed accordingly. Men as well as women were hired. Indeed, a review of the job postings included in the record universally indicates that if the applicant is a male between the ages of 18-25, he must register for the Selective Service. This bolsters DADS's argument that the postings are gender neutral. The fact that women hired were later placed in a female facility is of no consequence to Plaintiff's case in that he was not hired in the first place.

Further, nothing in Plaintiff's application gives even the slightest suggestion that he is a male seeking a position in a female facility. He is simply applying for a job, and, as evidenced by his application, it was a sub-par effort, at best. As evidenced by the record before the Court, Plaintiff's applications were incomplete and fraught with spelling and grammatical errors.

Plaintiff points only to two jobs where he says he was denied employment as a male. This is direct evidence of his contention that gender was a screening factor. However, Plaintiff fails to

identify the particular job postings. He also fails to identify the individual who was hired, and even whether or not the position was filled. The Court finds that Plaintiff's allegations as to his qualifications are merely conclusory and do not raise an issue of genuine fact. *See Clark v. America's Favorite Chicken Co.*, 110 F.3d 295, 297 (5th Cir. 1997). DADS objects to Plaintiff's conclusory statements, and such objection is sustained. Plaintiff fails to disclose what position he refers to, how he is qualified, and who told him that the job was reserved for a female. More importantly, many of the jobs he applied for pre-date the actionable time for which he could bring an action – December 30, 2009. It is Plaintiff's burden to put on sufficient proof to satisfy his complaint that he was discriminated against by DADS and he has failed to do so. Thus, his gender discrimination claim does not survive summary judgment.

Plaintiff's only remaining claim is his claim that Defendant refused to hire him in retaliation of his filing EEOC charges and suits. To establish a *prima facie* case of retaliation, Plaintiff must show that: (1) he participated in an activity protected by Title VII; (2) DADS took an adverse employment action against him; and (3) a causal connection exists between the protected activity and the materially adverse action. *See McCoy v. City of Shreveport,* 492 F.3d 551, 557 (5th Cir. 2007). "If the plaintiff makes a *prima facie* showing, the burden then shifts to the employer to articulate a legitimate ... non-retaliatory reason for its employment action." *Id.* If the employer meets this burden of production, the plaintiff then bears the burden of proving that the employer's reason is a pretext for the actual retaliatory reason. *See id.*

DADS does not dispute that Plaintiff's filing of the EEOC claims and lawsuits are protected activities. DADS also agrees that an adverse action (or inaction) occurred, *i.e.* Larry was not hired. It is the third prong which DADS insists that Plaintiff cannot meet, *i.e.* that of a causal link between the protected activity and the adverse employment action taken as a result of the retaliation.

Here, the Court focuses on the motivations of the final decision maker. *Gee v. Principi*, 289 F.3d 342, 346 (5th Cir. 2002). A "causal link" is established when the evidence demonstrates that the decision-maker's action was based, at least partially, on knowledge of the employee's protected activity. *Medina v. Ramsey Steel Co.*, 238 F.3d 674 (5th Cir. 2001). This can be shown by circumstantial evidence as with discriminatory conduct. *See Smith v. Xerox Corp.*, 602 F.3d 320 (5th Cir. 2010). There is simply no evidence demonstrated that Plaintiff was not hired because of his filings. Therefore, DADS should have summary judgment on Plaintiff's claims of retaliation as well.

### RECOMMENDATION

For the reasons set forth above, the Court finds that Plaintiff's Motion and Brief for Partial Summary Judgment (Dkt. 34) should be DENIED, that Defendant's Motion for Summary Judgment (Dkt. 35) should be GRANTED, and that summary judgment should be granted for Defendant as to all claims here.

Within fourteen (14) days after service of the magistrate judge's report, any party may serve and file written objections to the findings and recommendations of the magistrate judge. 28 U.S.C.A. § 636(b)(1)(c).

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen days after service shall bar an aggrieved party from *de novo* review by the district court of the proposed findings and recommendations and from appellate review of factual findings accepted or adopted by the district court except on grounds of plain error or manifest injustice. *Thomas v. Arn*, 474 U.S. 140, 148 (1985); *Rodriguez v. Bowen*, 857 F.2d 275, 276-77 (5th Cir. 1988).

**SIGNED this 19th day of December, 2012.**

_____
DON D. BUSH
UNITED STATES MAGISTRATE JUDGE